FILED
COURT OF APPEALS
DIVISION II

2013 OCT 22  AM 8: 54

STATE OF WASHINGTON

BY_____
                    DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Marriage of | No. 42344-8-II |
| LYNN WINGENDER, | |
| Appellant, | |
| v. | |
| PATRICK WINGENDER. | UNPUBLISHED OPINION |
| Respondent. | |

QUINN-BRINTNALL, P.J. — Lynn Wingender appeals the trial court's final order for child support, final parenting plan, and decree of dissolution. Due to the Lynn Wingender's failure to perfect the record, we do not have a sufficient record to review her assigned errors. We affirm.

## FACTS

Lynn and Patrick Wingender were married on July 23, 1994.[1] They separated on August 30, 2009. Lynn and Patrick have three children: M.A.W., M.K.W., and M.P.W. After an eight-day trial, the trial court entered findings of fact and conclusions of law, a decree of dissolution, a final order on child support, and a final parenting plan.

The trial court ordered that Patrick sell the family home. Any net proceeds from the sale of the home were ordered to be split between the parties so if the home was sold at a loss, each

---

[1] We use the parties' first names for clarity. We intend no disrespect.

party was required to pay half of the loss. The trial court also awarded "a disproportionate share of property to [Lynn] in lieu of an award of maintenance." Clerk's Papers (CP) at 668. Specifically, the trial court awarded Lynn the community property interest in Patrick's 401(k) account at the time of separation: $50,317.74. The trial court found that Lynn was voluntarily underemployed and imputed her income at $1,920.00. Based on the imputed income, the trial court ordered Lynn to pay a total of $663.65 a month in child support.

The final parenting plan designated Patrick as the primary residential parent. The trial court found the following circumstances justified restricting Lynn's residential time with the children: (1) a pattern of emotional abuse of a child, (2) neglect or substantial nonperformance of parenting functions, (3) long-term emotional or physical impairment which interferes with the performance of parenting functions, and (4) the abusive use of conflict. Based on its findings, the trial court granted Lynn a two-hour supervised visit once a week. The trial court ordered that Lynn's visits with the children be supervised "until supervised visitation is no longer recommended by the reconciliation counselor or until further order of the court." CP at 649.

Lynn filed a notice of appeal with this court on July 6, 2011. Lynn designated the clerk's papers and the verbatim report of proceedings (RP) of the trial court's ruling as the record on appeal. Patrick filed a motion to compel Lynn to provide the RPs of the trial (April 5-8, 12-18, 2011). Patrick's motion was referred to the Thurston County Superior Court and the trial court denied his motion. Lynn asserted that she could not afford to have the entire trial transcript

designated for the appeal. Lynn received findings of indigency from Thurston County Superior Court and filed a motion for expenditure of public funds with the Washington State Supreme Court. The Supreme Court denied Lynn's motion. Accordingly, the transcripts of the trial, and the corresponding trial exhibits have not been designated as part of the record on appeal.

## ANALYSIS

Lynn raises 22 issues in her appeal. The issues are primarily related to specific findings or conclusions in the final parenting plan, final order of child support, or the property distribution in the decree of dissolution. Lynn also raises some issues regarding the validity of the evidence presented at trial. Because there is no evidence in the record before us on review, the record is insufficient to allow us to review any of the issues Lynn raises in her appellate brief.

We review a parenting plan for abuse of discretion. *In re Marriage of Caven*, 136 Wn.2d 800, 806, 966 P.2d 1247 (1998). We also review child support orders for an abuse of discretion. *In re Marriage of Griffin*, 114 Wn.2d 772, 776, 791 P.2d 519 (1990). Finally, we review a trial court's property distribution for a manifest abuse of discretion. *In re Marriage of Brewer*, 137 Wn.2d 756, 769, 976 P.2d 102 (1999). A trial court abuses its discretion when its decision is manifestly unreasonable or made on untenable grounds or for untenable reasons. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

We review the trial court's findings of fact for substantial evidence. *In re Marriage of Rockwell*, 141 Wn. App. 235, 242, 170 P.3d 572 (2007), *review denied*, 163 Wn.2d 1055 (2008). Substantial evidence is evidence of a sufficient quantity of evidence to persuade a fair-minded, rational person that the finding is true. *Rockwell*, 141 Wn. App. at 242. We defer to the trial

court on witness credibility and the persuasiveness of the evidence. *In re Marriage of Akon*, 160 Wn. App. 48, 57, 248 P.3d 94 (2011). We then determine whether the trial court's findings of fact support the trial court's conclusions of law. *Rockwell*, 141 Wn. App. at 242.

It is the appellant's burden to perfect the record on appeal. "If the party seeking review intends to urge that a verdict or finding of fact is not supported by the evidence, the party should include in the record all evidence relevant to the disputed verdict or finding." RAP 9.2(b). When an appellant has failed to perfect the record on appeal, the court may decline to reach the merits of an issue because it does not have all the evidence relevant to the issue before it. *Rhinevault v. Rhinevault*, 91 Wn. App. 688, 692, 959 P.2d 687 (1998), *review denied*, 137 Wn.2d 1017 (1999). However, cases should not be decided on the basis of compliance or noncompliance with the rules of appellate procedure except in compelling circumstances. *Rhinevault*, 91 Wn. App. at 693 (deciding the merits of an issue because "although the designated record and briefing in this case teeter on a tightrope of inadequacy, with some difficulty we have gleaned an outline of the facts sufficient to resolve the issues before us").

Here, there is no evidence contained in the record before us. Therefore, it is impossible to "glean" any facts or evidence that may or may not support the trial court's findings and exercise of discretion. *See Rhinevault*, 91 Wn. App. at 693. Accordingly, the complete lack of trial record in this case is a compelling circumstance that requires us to decide the appeal on the basis of Lynn's failure to perfect the record as required by RAP 9.2(b).

No. 42344-8-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

QUINN-BRINTNALL, P.J.

We concur:

PENOYAR, J.

MAXA, J.